'Chancellor Thompson.
The bill in this case states, that John Quinn executed a bill of sale to the defendants for a valuable negro fellow named Simon; that, afterwards, to wit, on the 15th April, 1815, they entered into an instrument in writing in the following words, “We have this day received from John ■Quinn, a bill of sale for his negro fellow Simon; we promise to account to him for the amount thereof in three years from this date or return the fellow, without being accountable for any wages, and if .the fellow should die in this time, Mr. Quinn is to be the loser by the said death, and this obligation to be void” The counsel for complainant contends that this instrument is in the nature of a mortgage, and the negro subject to be.redeemed, and the court is of the same opinion.
It is therefore ordered and decreed that the commissioner do sell the said negro at public sale, at Orangeburgh court house, at some suitable and convenient time, and out of the *155 proceeds pay to Vinyard and Glover whatever may be due to then? on their judgment at law, after deducting therefrom the hire of the negro, and should the hire of the negro exceed- the -amount of the judgment and interest, then the defendants to pay to the complainant the surplus.
Starve, for appellant,
argued that the transaction was a sale; that the property was defendants, who could not consequently be liable tor hire. There was not the slightest evidence of fraud, the cause was heard on bill and answer and the answer denies fraud. The consideration, ‡ 850, was an adequate one. But at all events the contract was plain that defendants should not pay hire. The only hardship on the intestate was that he gave credit three years for part of the purchase money; and the contract was a benefit to him, for he would probably have been compelled to make a greater sacrifice if the judgment had been enforced at once.
Felder, contra.
This transaction is in the nature of a mortgage. 2 Equ. Rep. 570,- 1 Johns, ch. re. 128. Though, the defendants have denied fraud in general, yet the court may see plainly that an unconscieritious advantage has been taken. The defendants may be satisfied with what we propose — to receive the amount of the judgment and interest, and give up the 6lave and pay the hire.
It is further ordered, that all matters and things be referred to the commissioner to report on.
The defendants appealed on the grounds:
1st. That the contract of the parties should not have been set aside, without some evidence of fraud in the procurement of it; and there was no such .evidence.
2d. Because, whether considered as a mortgage or other* wise, the contract was express, that no hire should be paid.
Decree afiirmed;
Chancellors Desaussure, Thompson, and James* concurring.